UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 03-87T |
| | : | |
| JEFFREY ROLLINS | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a revocation hearing was held on September 21, 2007. The Government presented five witnesses at the revocation hearing. Two Providence Police Patrol Officers, two Providence Police Detectives and Defendant's Probation Officer testified. Defendant, through counsel, cross examined each of the Government's witnesses but offered no witnesses or other evidence on his behalf. At the conclusion of the hearing, I ordered Defendant released pending my final Report and Recommendation which would recommend dismissal of this revocation case.

**Background**

On July 3, 2007, the Probation Office petitioned the Court for the issuance of a summons for the Defendant's appearance to answer a supervised release violation charge. On July 10, 2007, the

District Court ordered the issuance of a summons as requested in the petition.[1] Defendant appeared in Court on July 26, 2007 for an initial appearance and was released pending a final supervised release revocation hearing. On September 10, 2007, the Government filed an amended violation report and requested a warrant for Defendant's arrest. On September 11, 2007, the District Court ordered the issuance of a summons. Defendant appeared pursuant to the summons on September 12, 2007 and was detained pursuant to Fed. R. Crim. P. 32.1(a)(6) pending a final revocation hearing. A revocation hearing was ultimately held on September 21, 2007, and Defendant contested the following charges:

> **While on supervision, the defendant shall not commit another federal, state, or local crime.**
>
> On August 4, 2007, the offender committed the offense of Felony Assault as evidenced by a warrant and petition filed by the Providence Police Department on August 17, 2007 and subsequent charges in Sixth Division District Court under case number 62-2007-13717.
>
> **While on supervision, the defendant shall not commit another federal, state, or local crime.**
>
> On June 8, 2007, the offender committed the offense of Simple Assault as evidenced by his arrest by the Providence Police Department and subsequent charges in Sixth Division District Court under case number 61-2007-09096.

**Discussion**

The initial Petition arose out of Defendant's arrest in the early morning hours of June 8, 2007 for simple assault. The Providence Police were responding to a shots fired call in the Atwells Avenue area. Defendant allegedly ran from police into 746 Atwells Avenue and slammed the door

[1] This summons tolled the expiration of Defendant's supervised release term which was scheduled to expire on August 24, 2007. See 18 U.S.C. § 3583(i).

on the arm of a police officer. This is a Grade C violation, and the sentencing guideline range is five to eleven months. On September 5, 2007, the simple assault was dismissed by the State pursuant to an agreement whereby Defendant performed twenty hours of community service. Although the violation based on the simple assault charge is still pending, the Government offered no evidence regarding this charge at the revocation hearing.

The Amended Petition arose out of a subsequent felony assault charge brought against Defendant. The felony assault charge involved an early morning incident on August 4, 2007 in which Defendant allegedly struck Luis Rivera in the head with a bottle. This is a Grade A violation, and the sentencing guideline range is eighteen to twenty-four months. This incident also allegedly occurred in the vicinity of 746 Atwells Avenue. Shortly after this alleged incident, Mr. Rivera and a second victim, were shot in front of a house located at 36 Bergen Street in Providence which is approximately one mile from 746 Atwells Avenue. The shots were allegedly fired from a gold car. Although a gold car generally matching the description was located near 746 Atwells Avenue after the shooting, no one has been charged in the shooting incident. At the revocation hearing, the Government did not present the direct testimony of either Mr. Rivera, the victim of the alleged felony assault; or Sergeant Glenn Cassidy, the Detective who interviewed Mr. Rivera regarding the felony assault.

The Government's case centered on the shooting of Mr. Rivera and the investigation of that shooting. However, Defendant has not been charged in that shooting. None of the officers provided any direct evidence regarding the state felony assault charge pending against Defendant. The Government sought to prove its case through three exhibits which were not allowed into evidence. The first (Government Ex. 6 for identification) is a document entitled "Photo Lineup Instructions"

dated August 7, 2007, and signed by Sergeant Cassidy and with the initials "L.R." on the witness signature line. The second (Government Ex. 7 for identification) is a document entitled "Witness Statement" also dated August 7, 2007, and signed by Sergeant Cassidy and with the initials "LR" on the witness signature line. The third (Government Ex. 8) is a document entitled "Photo Line-Up Sheet" dated August 7, 2007, and noted to be prepared by Sergeant Cassidy and with the initials "LR" below Defendant's photo. The Government sought to introduce these documents in the absence of both Mr. Rivera and Sergeant Cassidy to prove that Defendant assaulted Mr. Rivera with a bottle. Defendant, through counsel, objected to admission of these exhibits as hearsay and as a denial of his Sixth Amendment right to confront witnesses.

Hearsay evidence can be admissible in a supervised release revocation hearing. See Fed. R. Evid. 1101(d)(3); United States v. Portalla, 985 F.2d 621, 622 (1st Cir. 1993) (holding that the "tests of admissibility set forth in the Federal Rules of Evidence" are not applicable in revocation hearings but that evidence that does not satisfy those rules "must nonetheless be reliable"); see also United States v. Lowenstein, 108 F.3d 80, 83 (6th Cir. 1997) (supervised release violation finding may rest upon reliable hearsay). Rule 32.1(b)(1)(B)(iii), Fed. R. Crim. P., provides a defendant with the opportunity to question an adverse witness "unless the judge determines that the interest of justice does not require the witness to appear." In United States v. Rondeau, 430 F.3d 44, 47-48 (1st Cir. 2005), the First Circuit held that a supervised release revocation hearing is not a "criminal prosecution" triggering a confrontation right. However, it concluded that a defendant in such a case has a "limited confrontation right" under Fed. R. Crim. P. 32.1 which requires the court to balance the defendant's "right to confront witnesses with the government's good cause for denying

confrontation." Id. at 48. In applying this balancing test, the court "should consider the reliability of the hearsay testimony and the government's reason for declining to produce the declarant." Id.

In this case, the Government failed to produce two declarants – Mr. Rivera and Sergeant Cassidy.[2] As to Mr. Rivera, the Government argued that Mr. Rivera's failure to appear was the result of fear because he was the victim of a physical assault and a shooting. The Government was unable to locate Mr. Rivera to serve a subpoena on him. Defendant's Probation Officer testified that he spoke with Mr. Rivera by telephone on three occasions and, although he expressed concern for his safety, Mr. Rivera said he would appear. He did not. As to Sergeant Cassidy, he was not subpoenaed by the Government. The Government represented that he was notified of the hearing but it had no explanation for his failure to appear other than that he was on "furlough."

Although the Government arguably presented good cause for failing to produce Mr. Rivera as a witness, I did not reach that stage of the balancing process because the Government did not present good cause for denying Defendant the right to confront Sergeant Cassidy. Sergeant Cassidy apparently interviewed Mr. Rivera, prepared the witness statement and obtained Mr. Rivera's signature consisting of the initials "LR." Sergeant Cassidy also prepared the six-picture photo array used for the line-up identification of Defendant and obtained Mr. Rivera's signature on the photo line-up instruction sheet.

Although it can be inferred, I have no evidentiary basis in the record upon which to conclude that Mr. Rivera was the person who signed "LR" on the proposed exhibits. I also have no evidentiary basis in the record upon which to conclude that Mr. Rivera voluntarily gave his

[2] The Government made an oral motion for continuance, which was denied, at the close of its case. Since the Government had no explanation for Sergeant Cassidy's non-appearance, it was also unable to provide the Court with good cause to justify a mid-stream continuance. The Government did not object to the September 21, 2007 hearing date when it was offered by the Court and made no pre-hearing motion for continuance.

statement in an atmosphere free from coercion or confusion. Finally, I have no evidentiary basis in the record upon which to conclude that the photo array was prepared and presented to Mr. Rivera by Sergeant Cassidy in an objective and non-suggestive manner. Detective David Girard testified generally about the process used by the Providence Police Department for photo line-up identifications and, although the process appears thorough and fair, it involves the exercise of some discretion by the implementing officer, and I have no evidence as to how that process was followed with Mr. Rivera. Although Detective Girard spoke with Mr. Rivera at the hospital shortly after the shooting, there is no evidence that he spoke with Mr. Rivera about the felony assault at issue in this case and no evidence that he was present during Sergeant Cassidy's interview of Mr. Rivera or Mr. Rivera's photo line-up identification of Defendant.

Without hearing directly from Sergeant Cassidy, it is impossible for this Court to pass on the reliability of the hearsay evidence offered by the Government. See Government Exs. 6-8 for identification. If Sergeant Cassidy testified and had been cross-examined, I would have been able to determine if Mr. Rivera's witness statement and photo line-up identification were reliable and to then balance Defendant's confrontation right with the Government's reason for failing to present direct testimony from Mr. Rivera. The Government is seeking to deny Defendant both the right to confront the victim, Mr. Rivera, and the right to confront the investigating officer, Sergeant Cassidy. If I were to permit the Government to proceed in this fashion, it would be able to prosecute similar violation cases in the future simply by introducing police reports and other investigative documents through a records custodian – a result which would plainly violate even the "limited confrontation right" applicable in proceedings under Fed. R. Crim. P. 32.1.

**Conclusion**

For the foregoing reasons, I find that the Government has not met its burden of proving the charges against Defendant by a preponderance of the evidence and recommend that the District Court dismiss, with prejudice, the violation charges pending against Defendant. I also recommend that the District Court include in its Order a finding that Defendant's tolled term of supervised release is concluded.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. LR Cv 72; Fed. R. Civ. P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 26, 2007